IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,604-01






EX PARTE TYSON LAVELL PEARCE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 24659 HC-1 IN THE 6TH DISTRICT COURT


FROM LAMAR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unauthorized use
of a motor vehicle and evading arrest. He was sentenced to concurrent terms of six years in prison
in each case. He did not appeal the convictions. 

 Applicant contends that his guilty pleas were involuntary due to the ineffective assistance of
his trial counsel. He alleges that he was insane at the time of the offenses but that trial counsel failed
to investigate and present an insanity defense. Applicant was found incompetent to stand trial, but
his competency was later restored at the State Hospital. He then pled guilty to these offenses and was
sentenced under a plea agreement. According to the competency evaluation, Applicant had reported
that he was confused at the time of the offenses, that he had not been taking his medications, and that
he was hearing voices directing him to "drive the truck that day." There is no response from trial
counsel to Applicant's claim. See Tex. Code Crim. Proc. art. 46C.153; Tex. Penal Code § 8.01;
Strickland v. Washington, 466 U.S. 668, 687 (1984).

 Applicant also contends that counsel failed to present an expert to testify regarding his mental
illnesses in mitigation of punishment. Because the cases were resolved through a plea agreement,
there was no need for counsel to call an expert witness as Applicant claims should have been done. 

 Regarding his first claim, Applicant has alleged facts that, if true, might entitle him to relief. 
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The
trial court shall order Applicant's trial counsel to provide a response to Applicant's claim that details
counsel's investigation into whether Applicant was insane at the time of the offenses and counsel's
discussions with Applicant regarding an insanity defense.

 To obtain the response, the trial court may use any means set out in Tex. Code Crim. Proc.
art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id. If
the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant
is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary due to the ineffective assistance of counsel for failing to
investigate and present an insanity defense. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: June 12, 2013

Do not publish